UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM HOLT BAYMILLER, | No. 2: 17-cv-2458 KJN P |
| Petitioner, | |
| v. | ORDER |
| PEOPLE OF THE STATE OF CALIFORNIA, | |
| Respondent. | |

Petitioner, a state prisoner proceeding without counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

Petitioner challenges a 2012 murder conviction from Tehama County. The petition raises two claims which appear to have been presented to the California Supreme Court on direct appeal. Thus, these two claims appear to be exhausted.

Petitioner also states that after the instant petition is filed, his jailhouse lawyer will raise a new claim, i.e., that petitioner lacked the mental capacity to form intent to commit murder. It does not appear that this claim has been presented to any court. If petitioner intends to exhaust this new claim in state court, it is unclear whether he is seeking to stay the instant petition pending exhaustion of this new claim.

1

Federal district courts should stay mixed petitions only in limited circumstances. Rhines v. Kelly, 544 U.S. 269, 277 (2005). A district court may stay a mixed petition if: (1) the petitioner demonstrates good cause for failing to have first exhausted all claims in state court; (2) the claims potentially have merit; and (3) petitioner has not been dilatory in pursuing the litigation. Id. at 277-78.

In the alternative, a court may stay a mixed petition if: (1) the petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner to proceed to exhaust the deleted claims in state court; and (3) petitioner later amends his petition and reattaches the newly exhausted claims to the original petition. Kelly v. Small, 315 F.3d 1063, 1070-71 (9th Cir. 2003). The Kelly procedure is riskier than the Rhines procedure since it does not protect the petitioner's unexhausted claims from expiring during the stay. King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009).

Despite the risk of the unexhausted claims becoming time-barred in the course of the Kelly procedure, a petitioner may elect to use that alternative since it does not require him to demonstrate good cause as does the Rhines procedure. King, 564 F.3d at 1140.

Petitioner is ordered to inform the court within thirty days whether he wishes to proceed with his exhausted claims at this time or, instead, whether he wishes to stay this action pending exhaustion of an unexhausted claim. If petitioner seeks a stay, he shall file a motion addressing whether the stay is sought pursuant to the procedures outlined in Rhines or Kelly. If petitioner intends to proceed with his exhausted claims at this time, the undersigned will direct the Office of the Attorney General to respond to his exhausted claims.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis is granted;

2. Within thirty days of the date of this order, petitioner shall inform the court whether he wishes to proceed with his exhausted claims, or whether he wishes to stay this action pending exhaustion of unexhausted claims.

Dated: February 7, 2018

Bay2458.ord

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE