UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM HOLT BAYMILLER,<br><br>Petitioner,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Respondent. | No. 2: 17-cv-2458 KJN P<br><br>ORDER AND FINDINGS & RECOMMENDATIONS |

Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's motion to stay this action pending exhaustion of an additional claim. (ECF No. 13.) For the reasons stated herein, the undersigned recommends that this motion be granted.

Petitioner challenges a 2012 murder conviction from Tehama County. The petition raises two claims which were presented to the California Supreme Court on direct appeal. Thus, these two claims appear to be exhausted.

In the petition, petitioner also states that his jailhouse lawyer intends to exhaust a third claim alleging that he did not have the mental capacity to form intent to commit murder with premeditation, malice or aforethought. On February 7, 2018, the undersigned ordered petitioner to inform the court whether he intended to proceed with only his exhausted claims, or whether he

wished to stay this action pending exhaustion of the unexhausted claim. (ECF No. 12.)

On March 1, 2018, petitioner filed the pending motion to stay pursuant to Rhines v. Kelly, 544 U.S. 269 (2005). Federal district courts should stay mixed petitions only in limited circumstances. Rhines v. Kelly, 544 U.S. at 277. A district court may stay a mixed petition if: 1) the petitioner demonstrates good cause for failing to have first exhausted all claims in state court; 2) the claims potentially have merit; and 3) the petitioner has not been dilatory in pursuing the litigation. Id. at 277-78.

In support of good cause, petitioner argues that his mental illness prevented him from previously exhausting his new claim. (ECF No. 13 at 1-2.) Petitioner argues that his "severe mental disorders" prevented him from preparing his own legal papers in a timely manner. (Id. at 2.) In his habeas petition, petitioner also alleges that he is a "well known mental health patient receiving mental health treatment" and has had to depend on jailhouse lawyers to file anything on his behalf. (ECF No. 1 at 13.) Petitioner alleges that he has "been a participant in the California Department of Corrections mental health programs and has been a patient for long term benefit." (Id. at 13-14.)

In the federal petition, petitioner also alleges that he lives in the "EOP" program for mentally ill inmates. (Id. at 13.) "EOP" is an abbreviation for the Enhanced Outpatient Program. See Trevizo v. Borders, 2018 WL 3017547 at *7 (E.D. Cal. 2018). "The EOP is for inmates who suffer 'acute onset or significant decompensation of a serious mental disorder characterized by increased delusional thinking, hallucinatory experiences, marked changes in affect, and vegetative signs with definitive impairment of reality testing and/or judgment,' and who is unable to function in the general prison population, but does not require twenty-four hour nursing care or inpatient hospitalization." Id. (quoting Coleman v. Schwarzenegger, 922 F. Supp. 2d 882, 903, n. 24 (E.D. Cal. 2009)).

Attached to the petition as an exhibit is the opening brief filed by the lawyer representing petitioner on direct appeal. (ECF Nos. 1-1, 1-2.) According to the brief, on June 6, 2011, petitioner entered a plea of not guilty by reason of insanity. (ECF No. 1-1 at 9.) Following a court trial, petitioner was found sane at the time of the offense. (Id. at 10.)

In support of the insanity defense, petitioner presented testimony from mental health experts that he suffered from schizophrenia and/or psychosis. (Id. at 16-18.) The prosecution presented mental health experts who testified that petitioner's mental health problems were methamphetamine induced. (ECF No. 1-2 at 1-4.) Prosecution expert Dr. Caruso found "a number of symptom sequalae consistent with the existence of a significant underlying Psychotic Disorder," consistent with features of insanity. (Id. at 3.) However, in Dr. Caruso's view, the alcohol and drug abuse shortly before the shooting had a triggering effect on the pre-existing psychotic disorder. (Id.)

Prosecution expert Dr. Wilson "also acknowledged the presence of symptoms consistent with schizophrenia as diagnosed by [defense expert] Dr. Globus." (Id. at 1.) "He added 'Consider Psychotic Disorder NOS' to account for those indications but viewed those factors as having created a 'pre-existing vulnerability' for the methamphetamine-inducted psychotic disorder.'" (Id.) Prosecution expert Dr. Carlson found no evidence of psychotic symptoms in the period of petitioner's life when he was drug and alcohol free. (Id. at 2.)

The trial court rejected petitioner's insanity defense, finding that "any mental defect suffered by defendant at the time of the killing was induced by methamphetamine abuse and not due to any other mental disorder." (Id. at 21.)

The undersigned also observes that the record indicates that petitioner filed no state habeas petitions. The instant federal petition and pending motion to stay were prepared by jailhouse lawyers on petitioner's behalf. In other words, petitioner, himself, has prepared no pleadings challenging his conviction.

"An assertion of good cause without evidentiary support will not typically amount to a reasonable excuse justifying a petitioner's failure to exhaust." Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014). In the instant case, petitioner alleges that he is in the EOP program, which indicates that he has a serious mental illness. Petitioner also alleges that he has received "long term" care for his mental health problems. Petitioner's opening brief on appeal indicates that most mental health experts agreed that petitioner had serious mental health problems.

////

In <u>Winn v. Foulk</u>, 2015 WL 692269 (E.D. Ca. 2015), the district court found that petitioner had not presented sufficient evidence to support a finding of good cause for a <u>Rhines</u> stay based on alleged mental illness. In <u>Winn</u>, the district court relied on the lack of documentary evidence and the fact that the petitioner had filed pro se habeas corpus petitions during the time he alleged he was unable to proceed due to mental illness. 2015 WL 692269 at *4. The instant case is distinguishable from <u>Winn</u> because here, the record contains no evidence that petitioner filed any petitions in state court following the conclusion of his direct appeal in state court. Moreover, all of the pleadings filed in the instant action were apparently prepared by jailhouse lawyers on petitioner's behalf.

While petitioner's claim of mental illness is not strongly supported by documentary evidence, his opening brief combined with his allegation of long term mental health treatment since his incarceration in the CDCR, including his placement in the EOP program, support a finding that his serious mental illness prevented him from earlier exhausting his unexhausted claim.[1] The undersigned further finds that petitioner's mental illness explains his delay in raising the unexhausted, and potentially meritorious, claim. For these reasons, the undersigned recommends that petitioner's motion to stay be granted.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall appoint a district judge to this action; and

IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion to stay (ECF No. 13) be granted;

2. This action be administratively stayed; and petitioner be ordered to inform the court within thirty days of the exhaustion in state court of the unexhausted claim raised in the original petition.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

---

[1] If petitioner's claims are later found to be filed beyond the statute of limitations, the undersigned will require a more developed record should petitioner raise a claim for equitable tolling based on mental illness.

4

after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 29, 2018

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Bay2458.156