UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM HOLT BAYMILLER,<br><br>Petitioner,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA, et al.,<br><br>Respondent. | No. 2: 17-cv-2458 MCE KJN P<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the undersigned recommends that the stay of this action be lifted and the unexhausted claim be dismissed.

Background

Petitioner challenges his 2012 murder conviction from the Tehama County Superior Court. (ECF No. 1 at 1.) The petition raises the following claims. First, petitioner alleges that the trial court erred by admitting the report of Wilson, addressing petitioner's competence to stand trial. (Id. at 5.) Second, petitioner alleges that the prosecution failed to prove that petitioner's insanity at the time of the crime was due to drugs and alcohol. (Id. at 7.) These claims were presented to the California Supreme Court. (Id. at 2.)

/////

Petitioner raises a third claim alleging that he did not have the mental capacity to form the intent to commit murder. (Id. at 12.) The petition indicates that this claim has not been presented to the California Supreme Court. (Id.)

On August 24, 2018, the court stayed this action, pursuant to Rhines v. Weber, 544 U.S. 269 (2005), in order for petitioner to exhaust his unexhausted claim.[1] (ECF No. 17.)

On April 6, 2020, the Honorable Morrison C. England's Courtroom Deputy Clerk issued a minute order (at the direction of Judge England) ordering petitioner to file a status report not later than July 1, 2020. (ECF No. 18.) Petitioner did not file a status report. Accordingly, on October 27, 2021, the undersigned recommended that this action be dismissed for failure to prosecute. (ECF No. 19.)

On November 15, 2021, petitioner filed objections to the findings and recommendations. (ECF No. 20.) Petitioner alleged that he suffered from severe mental illness that prevented him from prosecuting this action. (Id.) Petitioner alleged that he did not file a status report in response to the April 6, 2020 order because he did not know what a status report was and had no legal assistance. (Id.) Petitioner alleged that he obtained legal assistance in October 2021. (Id.) Petitioner alleged that he filed a habeas corpus petition in the Tehama County Superior Court on or around November 7, 2021. (Id.)

On November 30, 2021, the undersigned vacated the October 27, 2021 findings and recommendations. (ECF No. 21.) The undersigned ordered petitioner to file a status report within sixty days addressing the status of his habeas corpus petition filed in the Tehama County Superior Court and whether he filed other habeas corpus petitions in state court raising his unexhausted claim. (Id.)

---

[1] A state prisoner must exhaust his state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). To satisfy the exhaustion requirement, a habeas petitioner must fairly present his federal claims in the state courts to give the state the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam). The inclusion of both exhausted and unexhausted claims in a federal habeas petition renders it mixed and subject to dismissal without prejudice. See Rose v. Lundy, 455 U.S. 509, 522 (1982). However, under Rhines, a court has discretion to stay a mixed or wholly unexhausted petition to allow a petitioner time to present unexhausted claims to state courts. 544 U.S. at 276.

On January 18, 2022, petitioner filed a status report. (ECF No. 22.) Petitioner stated that his habeas petition was pending in the Tehama County Superior Court. (Id.)

On March 23, 2022, the undersigned ordered petitioner to file a status report within sixty days addressing the status of his habeas corpus petition filed in the Tehama County Superior Court and whether he filed other habeas corpus petitions in state court raising his unexhausted claim. (ECF No. 24.)

On May 6, 2022, petitioner filed a motion for extension of time to file his status report. (ECF No. 25.) On May 12, 2022, the undersigned granted petitioner's motion for extension of time and ordered the status report due within sixty days. (ECF No. 26.)

On July 14, 2022, petitioner filed a status report. (ECF No. 28.) Petitioner states that he is providing the court with the Tehama County Superior Court's opinion, as requested. (Id. at 1.) Attached to the July 14, 2022 status report is a copy of a habeas corpus petition filed by petitioner in the Tehama County Superior Court on December 20, 2021. (Id. at 6.) Petitioner signed this petition on November 7, 2021. (Id. at 11.)

Also attached to the July 14, 2022 status report is an order by the Tehama County Superior Court, filed December 28, 2021, denying petitioner's habeas corpus petition. (Id. at 2.) The order states that petitioner filed his first petition on November 6, 2017. (Id.) The first petition was stricken by the court on December 5, 2017, for lack of notice to, and service, upon the People. (Id.) The Minute Order of December 5, 2017, and a copy of the first petition were returned to petitioner, with the proof of service dated December 12, 2017. (Id.)

The Superior Court found that the petition, filed December 20, 2021, raised three claims: 1) ineffective assistance of counsel; 2) a request for relief pursuant to Senate Bill 1134; and 3) "the heavily litigated issues of petitioner's mental state and psychiatric defenses at trial as addressed in the thorough analysis by the Court of Appeals." (Id. at 3.) The Superior Court denied the petition as untimely, finding that petitioner had not justified his failure to raise these issues previously. (Id. at 3-4.)

/////

/////

Discussion

District courts should not allow petitioners to "frustrate AEDPA's goal of finality by dragging out indefinitely their federal habeas review." Rhines, 544 U.S. at 277. Thus, a habeas case "should not be stayed indefinitely." Id.; accord Ryan v. Gonzales, 568 U.S. 57, 76 (2013) ("an indefinite stay would be inappropriate") (citing Rhines 544 U.S. at 277). The decision whether to allow a habeas case to be stayed "is generally left to the sound discretion of district courts." Gonzales, 568 U.S. at 74 (citation omitted).

Although this action was stayed on August 24, 2018, petitioner did not file a habeas petition in state court in order to exhaust his unexhausted claim until on or around November 2021. It appears that petitioner filed this petition only after being prompted by this court. Assuming petitioner's mental illness and lack of legal training impacted petitioner's ability to file a petition in state court, these circumstances do not excuse the over three years petitioner took to file his petition in the Tehama County Superior Court after this action was stayed. In addition, petitioner inexplicably waited approximately six months to inform this court of the Tehama County Superior Court's December 28, 2021 order denying his habeas petition. It is also clear that petitioner did not file any habeas petitions in state court after the Tehama County Superior Court's December 28, 2021 order.

For the reasons discussed above, the undersigned finds that petitioner's lack of diligence warrants vacating the stay. "District court have routinely vacated stays after much shorter delays in pursuing exhaustion in state court." Goodwin v. Madden, 2022 WL 2193112, at *4 (C.D. Cal. June 17, 2022) (citing Smith v. Koenig, 2020 WL 1310529, at *1 (C.D. Cal. Jan. 16, 2020) ("Six months have passed since Petitioner's request for a stay was granted, yet Petitioner still has not presented his claim to the California Supreme Court in order to exhaust his state remedies."), report and recommendation adopted, 2020 WL 1305622 (C.D. Cal. Mar. 19, 2020); Kennedy v. Madden, 2019 WL 2902486, at *1 (C.D. Cal. Mar. 15, 2019) (recommending lifting the stay after Petitioner failed to present his claims to the California Supreme Court in the past 4½ months), report and recommendation adopted, 2019 WL 2902505 (C.D. Cal. Apr. 24, 2019); Antonio Alamos v. Sherman, 2019 WL 3312462, at *2 (C.D. Cal. Jan. 15, 2019) (recommending lifting

4

the stay after Petitioner failed to provide "any proof that he has pursued state court exhaustion of his claim in the past eight months"), report and recommendation adopted, Alamos v. Sherman, 2019 WL 3308764 (C.D. Cal. Mar. 25, 2019); Villeda v. Seibel, 2017 WL 7037639, at *4 (C.D. Cal. Dec. 27, 2017) ("Almost nine months after this court's order, Petitioner still has not commenced exhaustion proceedings in state court and there is no reasonable prospect that he will do so."), report and recommendation adopted, 2018 WL 534285 (C.D. Cal. Jan. 19, 2018); Alsborg v. Yates, 2009 WL 1740914, at *1 (C.D. Cal. June 17, 2009) ("Petitioner does not appear to be diligent in exhausting his claims.  An entire year has elapsed since the Court of Appeal denied his state habeas petition, and Petitioner has still not filed a habeas petition in the California Supreme Court.")).

      Accordingly, IT IS HEREBY RECOMMENDED that:

    1. The stay of this action be lifted;

    2. Petitioner's unexhausted claim raised in the original petition be dismissed;

    3. Respondent be ordered to file a response to the two exhausted claims raised in the original petition.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 22, 2022

bay2458.156

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE