UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM HOLT BAYMILLER,<br><br>Petitioner,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA, et al.,<br><br>Respondent. | No. 2: 17-cv-2458 MCE KJN P<br><br>ORDER & FINDINGS & RECOMMENDATIONS |

Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the undersigned recommends that this action be dismissed for failure to prosecute.

Background

The original petition raised three claims. (ECF No. 1.) The court found that one of petitioner's claims was not exhausted. (ECF No. 17.) On August 24, 2018, the court stayed this action, pursuant to Rhines v. Weber, 544 U.S. 269 (2005), in order for petitioner to exhaust his unexhausted claim. (Id.)

On July 22, 2022, the undersigned recommended that the stay be lifted and the unexhausted claim be dismissed. (ECF No. 29.) The undersigned found that petitioner's lack of diligence in exhausting his unexhausted claim warranted vacating the stay. (Id.) Petitioner did

1

not file objections to July 22, 2022 findings and recommendations. On September 21, 2022, the Honorable Morrison C. England adopted the July 22, 2022 findings and recommendations. (ECF No. 30.)

On September 28, 2022, the undersigned ordered respondent to file a response to the exhausted claims raised in the petition. (ECF No. 31.) On November 28, 2022, respondent filed a motion to dismiss. (ECF No. 35.) Respondent argues that the petition is untimely and, alternatively, that claim one is unexhausted. (Id.) Petitioner did not file a response to the motion to dismiss.

For this reason, the undersigned recommends that this action be dismissed for failure to prosecute.

The Court's Sanction Authority

Under the Local Rules of this district, this Court has the authority to impose any appropriate sanction to enforce its orders: "Failure of counsel or of a party to comply with ... any order of the Court may be grounds for the imposition by the Court of any and all sanctions ... within the inherent power of the Court." L.R. 110. Individuals proceeding pro se are bound by the Court's Local Rules the same as licensed attorneys. See L.R. 183 ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on 'counsel' by these Rules apply to individuals appearing in propria persona.").

"District courts have inherent power to control their dockets" and in exercising that power, may impose sanctions, including dismissal of an action. Thompson v. Hous. Auth., City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. See, e.g., Ferdik v. Bonzelet, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); Malone v. U.S. Postal Serv., 833 F.2d 128, 130–31 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

////

Rule 41(b) of the Federal Rules of Civil Procedure authorizes courts to dismiss an action for failure to comply with a court order. Although that rule appears to contemplate that dismissal will be precipitated by a motion from the opposing party, a court may act sua sponte under Rule 41(b). Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962); Pagtalunan v. Galaza, 291 F.3d 639, 640-43 (9th Cir. 2002) (affirming district court's sua sponte dismissal of habeas petition with prejudice "for failure to prosecute and failure to comply with a court order").

In considering whether to dismiss an action for failure to prosecute, the court weighs five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." See Pagtalunan, 291 F.3d at 642 (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).

Discussion

The Ninth Circuit has explained that "[t]he public's interest in expeditious resolution of litigation always favors dismissal." Pagtalunan, 291 F.3d at 642. Here, petitioner failed to file a response to respondent's motion to dismiss. Petitioner's failure to respond prevents expeditious resolution of the case. Therefore, the first factor favors dismissal.

The court's need to manage its docket also weighs in favor of dismissal. The second factor focuses on whether a particular case has "consumed large amounts of [a district] court's valuable time that it could have devoted to other major and serious criminal and civil cases on its docket." See Ferdik, 963 F.2d at 1261 ("It is incumbent upon us to preserve the district courts' power to manage their dockets without being subject to the endless vexatious noncompliance of litigants like Ferdik."). The court has devoted considerable time to reviewing petitioner's petition, issuing orders regarding the stay of this action and, now, addressing petitioner's failure to respond to the motion to dismiss. Thus, the factor of the court's need to manage its docket weighs in favor of dismissal.

The third factor, prejudice to respondent, supports dismissal. "A [respondent] suffers prejudice if the [petitioner's] actions impair the [respondent's] ability to go to trial or threaten to interfere with the rightful decision of the case." In re Phenylpropanolamine Prods. Liab. Litig.,

3

1  460 F.3d 1217, 1227 (9th Cir. 2006) (quoting Adriana Int'l Corp. v. Thoerren, 913 F.2d 1406,
2  1412 (9th Cir. 1990)). Petitioner's failure to prosecute this action by failing to respond to the
3  motion to dismiss and by failing to exhaust his unexhausted claim(s) during the lengthy stay of
4  this case delayed resolution of this action and interfered with the rightful decision of this case.
5  These circumstances prejudice respondent.

6  The fourth factor—less drastic alternatives—also weighs in favor of dismissal. Less
7  drastic alternatives would prolong an action petitioner is apparently no longer interested in
8  pursuing. Therefore, less drastic alternatives are not warranted.

9  The fifth factor—the public policy favoring the disposition of cases on their merits—
10 weighs against dismissal. See Pagtalunan, 291 F.3d at 643.

11 After considering the five factors set forth above, the undersigned finds that they weigh in
12 favor of dismissal. If petitioner objects to this recommendation, he may file objections. See
13 Ferdik, 963 F.2d at 1262 (the court need only warn a party once that the matter could be
14 dismissed for failure to comply with the requirements of Rule 41).

15 Accordingly, IT IS HEREBY ORDERED that respondent's motion to dismiss (ECF No.
16 35) is vacated from the calendar; and

17 IT IS HEREBY RECOMMENDED that this action be dismissed for failure to prosecute.

18 These findings and recommendations are submitted to the United States District Judge
19 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days
20 after being served with these findings and recommendations, petitioner may file written
21 objections with the court and serve a copy on all parties. Such a document should be captioned
22 "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections,
23 he shall also address whether a certificate of appealability should issue and, if so, why and as to
24 which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the
25 ////
26 ////
27 ////
28 ////

1  applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.
2  § 2253(c)(3).  Petitioner is advised that failure to file objections within the specified time may
3  waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir.
4  1991).

Dated:  January 4, 2023

Bay2458.fr(2)

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE